# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY SURPLUS INSURANCE CO., a Massachusetts corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | CIV. NO. 2:16-2752 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |

Plaintiff Travelers Property Casualty Company of America ("Travelers") seeks to compel defendant Liberty Surplus Insurance Company ("Liberty") to reimburse plaintiff for half of the attorney's fees plaintiff allegedly incurred while intervening in a lawsuit on behalf of nonparty Dura Art Stone, Inc. ("Dura"). Presently before the court is defendant's Motion for Summary Judgment (Docket No. 11).

I. Factual and Procedural Background

On September 11, 2012, the Regents of the University of

1

California initiated a lawsuit ("the Regents Action") against Howard S. Wright Construction Co. ("Wright Construction") for alleged defects and damages to buildings on the University of California--Davis campus. (Compl. (Docket No. 1) ¶ 11.) On October 31, 2012, Wright Construction filed a cross-complaint against Dura and various other subcontractors alleging claims for breach of contract and declaratory relief. (Id.) After receiving notice of the Regents Action, plaintiff agreed to intervene on behalf of Dura in the action. (Id. ¶ 12.) The Regents Action is now settled and has been dismissed. (Pl.'s Mot. for Leave at 5.)

Plaintiff and defendant had both issued Dura a Commercial General Liability insurance policy. (Decl. of Evan H. Stoller ("Stoller Decl.") (Docket No. 11-4) ¶ 4; Decl. of David H. Waters ("Waters Decl.") (Docket No. 11-3) ¶ 5.) Dura was suspended by the California Secretary of State on May 28, 2009 for failure to comply with its obligations under the California Corporations Code. (Waters Decl. ¶ 7.) Dura was also suspended by the California Franchise Tax Board on August 1, 2011, for failure to comply with its tax obligations. (Id.) Dura remained suspended throughout the duration of the Regents Action, and was still suspended at the time this lawsuit was filed. (Id. ¶ 8.)

On November 21, 2016, Travelers filed this complaint against Liberty asserting claims for (1) Declaratory Relief Re: Duty to Defend; (2) Declaratory Relief Re: Duty to Indemnify; and (3) Declaratory Relief Re: Allocation of Fees and Costs.

II. Discussion

Defendant contends that it is entitled to summary

judgment on the issue of whether it had a duty to defend and
indemnify Dura, or an equitable duty and responsibility to pay
fees and costs incurred by plaintiff on behalf of Dura.

### A. Duty to Defend

Throughout the Regents Action, Dura was suspended by
the California Secretary of State and the Franchise Tax Board.
Under the California Revenue and Taxation Code § 23301, a
suspended company is barred from exercising its corporate powers,
rights, and privileges. See Cal. Rev. & T. Code § 23301. The
phrase "powers, rights, and privileges" has been interpreted to
include a corporation's right to engage in litigation activities
and defend itself. See, e.g., Palm Valley Homeowners Ass'n Inc.
v. Design MTC, 85 Cal. App. 4th 553, 560 (4th Dist. 2000) (when a
corporation is suspended, it is "disabled from participating in
any litigation activities").

Although California Revenue and Taxation Code §
19719(a) makes it a crime for any person "to exercise the powers,
rights, and privileges of a corporation that has been suspended,"
§ 19719(b) specifically excludes "any insurer, or counsel
retained by an insurer on behalf of the suspended corporation,
who provides a defense for a suspended corporation" from coming
within the scope of this statute. Cal. Rev. & T. Code § 19719;
see also Kaufman & Broad Cmtys., Inc. v. Performance Plastering,
Inc., 136 Cal. App. 4th 212, 219 (3d Dist. 2006). Accordingly,
while the suspended corporation is legally barred from defending
itself, an insurance company may provide a defense for said
corporation, so long as the insurer does so "in its own name, []
not in the name of the suspended corporation." El Escorial

3

Owners' Ass'n v. DLC Plastering, Inc., 154 Cal. App. 4th 1337, 1350 (2d Dist. 2007), as modified on denial of reh'g (Oct. 3, 2007). In fact, the purpose of this exemption is to "protect[] insurers that are obligated to defend suspended corporations." Id.

Accordingly, although Dura was unable to defend itself, both plaintiff and defendant could have defended Dura, albeit not in Dura's name. Therefore, because doing so was not illegal, the court turns to the language of the insurance policy to see if such defense was obligated. When analyzing the policy, there is no indication that defendant's duties were to be extinguished or modified in any way if the insured corporation were to become suspended. The California Supreme Court has stated that "any provision that takes away or limits coverage reasonably expected by an insured must be conspicuous, plain and clear." Haynes v. Farmers Ins. Exch., 32 Cal.4th 1198, 1204 (2004). In defendant's policy, no limitations related to a corporation's suspension are addressed at all. Thus the court cannot conclude as a matter of law that Dura's suspension relieved defendant of its duty to defend, and defendant's Motion for Summary Judgment on that ground must be denied.

B. Duty and Responsibility to Pay Fees and Costs

Under California law, an insurer's right of equitable contribution arises when several insurers are obligated to indemnify or defend the same insured. Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279, 1293 (1st Dist. 1988). "One of the firm principles undergirding the doctrine of equitable contribution is that two or more insurers share an

obligation to the common insured." Am. Cont'l Ins. Co. v. Am. Cas. Co., 86 Cal. App. 4th 929, 937 (2d Dist. 2001). California courts have noted that "[i]t would be wholly capricious if some insurers could avoid liability for contribution by exploiting the corporate suspension of an insured . . . leaving other insurers to bear the loss, but barred from recovering equitable contribution." Truck Ins. Exchange v. Superior Court of Los Angeles, 60 Cal. App. 4th 342, 347 (2d Dist. 1997).

Here, because the court cannot conclude as a matter of law that plaintiff and defendant were not both obligated to defend Dura, the court cannot conclude there was not a "common obligation that is legally due from multiple insurers," which would provide a basis for contribution. Am. Cont'l Ins. Co., 86 Cal. App. 4th at 937. Accordingly, defendant would have a duty to make contribution to plaintiff for the money it incurred in defense of the Regents Action, and the court must therefore deny defendant's Motion for Summary Judgment on that ground.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Docket No. 11) be, and the same hereby is, DENIED.

Dated: February 22, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5