| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, Plaintiff, v. LIBERTY SURPLUS INSURANCE CO., a Massachusetts corporation; and DOES 1 through 10 inclusive, Defendants. | CIV. NO. 2:16-2752 WBS EFB ORDER RE: CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On March 30, 2018, the parties stipulated that the briefing on defendant Liberty's summary judgment motion could be deemed a cross motion for summary judgment by plaintiff Travelers. At the hearing on April 2, 2018, the court heard arguments on the cross motion and took it under submission. For the reasons previously explained by the court in its February 22, 2018 order denying summary judgment for defendant (Docket No. 33), the court concludes that plaintiff is entitled to partial summary judgment on the submitted issue of liability and rules,

1

as a matter of law, that (1) defendant had a duty to defend Dura; (2) defendant had a duty to indemnify Dura; and (3) plaintiff has a right to recover equitable contribution from defendant for the defense and settlement costs plaintiff paid on behalf of Dura.

Under California law, the right to contribution arises when several insurers are obligated to defend the same loss or claim and one insurer pays more than its share of the loss. See Fireman's Fund Ins. Co. v. Md. Cas. Co., 65 Cal. App. 4th 1279, 1293 (1st Dist. 1998). "The purpose of this rule of equity is to accomplish substantial justice by equalizing the common burden shared by coinsurers, and to prevent one insurer from profiting at the expense of others." Mt. McKinley Ins. Co. v. Swiss Reinsurance Am. Corp., 757 F. Supp. 2d 952, 956 (N.D. Cal. 2010) (citing Fireman's Fund Ins. Co., 65 Cal. App. 4th at 1293).

Most significantly to this motion, California courts have noted that "[i]t would be wholly capricious if some insurers could avoid liability for contribution by exploiting the corporate suspension of an insured . . . leaving other insurers to bear the loss, but barred from recovering equitable contribution." Truck Ins. Exchange v. Superior Court of Los Angeles, 60 Cal. App. 4th 342, 347 (2d Dist. 1997). Simply put, "equity dictates that each primary carrier should bear some proportion of the ultimate burden of liability." Stonewall Ins. Co. v. City of Palos Verdes Estates, 46 Cal. App. 4th 1810, 1861 (2d Dist. 1996). The court concludes that this obligation must exist regardless of whether the insured is a suspended corporation.

Accordingly, the court determines as a matter of law

that plaintiff and defendant were both obligated to defend and indemnify Dura, and thus there was a "common obligation that is legally due from multiple insurers," thereby providing a basis for contribution. Am. Cont'l Ins. Co. v. Am. Cas. Co., 86 Cal. App. 4th 929, 937 (2d Dist. 2001).

If the parties wish to stipulate to the amount of damages to which plaintiff is entitled under this Order, and preserve the right to appeal from the court's decision on liability as set forth in this Order, the court will approve such a stipulation.

IT IS SO ORDERED.

Dated: April 4, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE